**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

```
MICHAEL THOMAS,              *
                            *
    Plaintiff,              *
                            *
                            *  CIVIL ACTION NO. 23-00223-TFM-B
vs.                         *
                            *
SERVBANK,                   *
                            *
    Defendant.             *
```

<u>**REPORT AND RECOMMENDATION**</u>

This action is before the Court on Defendant First Allied Bank, SB, d/b/a Servbank's motion to dismiss Plaintiff Michael Thomas' complaint (Doc. 6). The motion has been referred to the undersigned Magistrate Judge for consideration and recommendation pursuant to 28 U.S.C. § 636(b)(1). (Doc. 3). Upon consideration of all matters presented, the undersigned recommends, for the reasons stated herein, that Defendant's motion (Doc. 6) be **GRANTED in part**, and that this action be **DISMISSED with prejudice**.

I.   <u>**BACKGROUND**</u>

On June 13, 2023, Plaintiff Michael Thomas ("Thomas"), who is proceeding *pro se*, filed a complaint against Defendant First Allied Bank, SB, d/b/a Servbank ("Servbank")[1] and paid the filing fee for

_____

[1] The Defendant's name is listed only as "Servbank" in Thomas' complaint. (Doc. 1 at 2).

a civil action.  (Docs. 1, 2).  In his complaint,[2] Thomas asserts the existence of federal question jurisdiction based on: "Federal Reserve Act Section 29, 15 USC 1605, Bill of exchange Act 1985 15 USC 1615, 12 USC 1431, Federal Reserve Act section 16 part 1 and 2, Cestui Que Vie Act Breach of Contract."[3]  (Doc. 1 at 3).  When prompted on the complaint form to write a short and plain statement of his claim and to state the relief he is requesting, Thomas states: "See attached affidavit."  (Id. at 4).

Thomas attaches to his complaint four purported "Affidavit[s],"[4] which are signed by "Michael Thomas" as "agent" on behalf of "MICHAEL THOMAS/Principal."  (Id. at 6-7, 9, 11).

The first purported affidavit is dated April 21, 2023, and states:

> On the 21st day of April, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal, hereby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal.  I hereby instruct the CFO, Richard Toma, of Serv Bank to apply the principal's balance $149,808.43 to the principal's account# for set off.  I instruct the CFO to communicate in writing within five (5) business days once instructions are completed.  If instructions are not completed, I instruct the CFO to respond within five (5) business days giving reason of non-performance of fiduciary duties.  If no

---

[2] Thomas utilized a complaint form titled "Pro Se 1 (Rev. 12/16) Complaint for a Civil Case" for his complaint.  (See Doc. 1).

[3] Unless otherwise indicated by brackets, quoted language from Thomas' *pro se* filings is reproduced herein without modification or correction for typographical, grammar, or spelling errors.

[4] None of the purported affidavits are sworn to and subscribed before a notary.  (See Doc. 1 at 6-7, 9, 11).

communication is made within five (5) business days I
Thomas, Michael/agent on behalf of MICHAEL
THOMAS/PRINCIPAL can assume that instructions have been
completed.

(Id. at 6).

The second purported affidavit, which is subtitled

"OPPORTUNITY TO CURE (Second Tier)" and dated April 28, 2023,

states:

On the 28th day of April, I, Thomas, Michael/agent, on
behalf of MICHAEL THOMAS/Principal, hereby accept all
titles, rights, intertest and equity owed to MICHAEL
THOMAS/Principal.  I hereby instruct the CFO, Richard
Toma, of Serv Bank to transfer the principal's balance
to the principal's account# for set off.  I instruct the
CFO to communicate in writing within five (5) business
days once instructions are completed.  If instructions
are not completed, I instruct the CFO to respond within
five (5) business days in writing giving reason for non-
performance of fiduciary duties.  If no communication is
made within five (5) business days I, Thomas,
Michael/agent on behalf of MICHAEL THOMAS/PRINCIPAL can
assume that instructions have not been completed.

(Id. at 7).

The third purported affidavit, which is subtitled "Default

Judgement (Third Tier)" and dated May 5, 2023, states:

On the 5th day of May 2023, I, Thomas, Michael/agent, on
behalf of MICHAEL THOMAS/Principal, hereby accept all
titles, rights, intertest and equity owed to MICHAEL
THOMAS/Principal.  I hereby instruct the CFO, Richard
Toma, of Serv Bank to transfer the principal's balance
to the principal's account# for set off.  I instruct the
CFO to communicate in writing within five (5) business
days once instructions are completed.  If instructions
are not completed, I instruct the CFO to respond within
five (5) business days in writing giving reason for non-
performance of fiduciary duties.  If no communication is
made within five (5) business days I, Thomas,

Michael/agent on behalf of MICHAEL THOMAS/PRINCIPAL can assume that instructions have not been completed.

(Id. at 9).

The fourth purported affidavit, which is titled "Default Judgement (Third Tier)" and dated May 12, 2023, states:

On the 12th day of May 2023, I, Thomas, Michael/agent, on behalf of MICHAEL THOMAS/Principal, hereby accept all titles, rights, intertest and equity owed to MICHAEL THOMAS/Principal. I hereby instruct the CFO, Richard Toma, of Serv Bank to transfer the principal's balance to the principal's account# for set off. I instruct the CFO to communicate in writing within five (5) business days once instructions are completed. If instructions are not completed, I instruct the CFO to respond within five (5) business days in writing giving reason for non-performance of fiduciary duties. If no communication is made within five (5) business days I, Thomas, Michael/agent on behalf of MICHAEL THOMAS/PRINCIPAL can assume that instructions have not been completed.

(Id. at 11).

Thomas also attaches two copies of a "PAYOFF STATEMENT" from Servbank dated April 26, 2023, which lists "Michael J Thomas" as the customer, identifies the loan type as "RHS," and lists a property address that appears to be Thomas' home address. (Id. at 8, 10). The payoff statement contains handwritten notations or instructions by "Michael Thomas/agent For: MICHAEL THOMAS/Principal" that include terms such as "Accepted For deposit," "Pay on demand," and "Payable to bearer." (Id.).

On August 31, 2023, Servbank filed the instant motion to dismiss Thomas' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a supporting brief. (Docs. 6, 6-1).

4

Servbank argues that Thomas' complaint fails to state a claim on which relief may be granted because it provides no "insight into the basis for any claim based on a loan or any other transaction or occurrence, much less any claim based on any of the cited federal statutes." (Doc. 6-1 at 4). Servbank further argues that Thomas fails to state a claim based on Servbank's alleged refusal to comply with the instructions in Thomas' purported affidavits because Thomas "neither alleges that Servbank failed to comply with the instructions nor refers to any federal or state statute or any state common law that would have required Servbank to comply or afforded relief for noncompliance with [Thomas'] instructions to 'transfer the principal's balance to the principal's account# . . . for setoff.'" (Id.). Servbank asserts that Thomas' complaint "falls well short of the pleading standard" and suggests that the Court grant its motion to dismiss but give Thomas an opportunity to file an amended complaint that cures his pleading deficiencies. (Id. at 4-5).

Thomas filed two nearly identical responses in opposition to Servbank's motion to dismiss. (Docs. 8, 9). Attached as an exhibit to both responses is a letter from Servbank dated August 30, 2023, which states, in relevant part:

Dear Mr. Thomas:

Servbank received your correspondence regarding the above-mentioned account.

> We have reviewed your request and determined that your allegation that Servbank pays the interest on your mortgage is incorrect.  Per the terms of your Promissory Note, you are responsible to repay the principal balance amount, plus interest charges at a rate of 4.125%, on the first of each month.  The principal and interest payments must be made from the first payment date of April 1, 2016 and continuing until the loan maturity date of March 1, 2046, unless you pay the loan in full prior to maturity.
>
> The Bill of Exchange Act which you cited is not pertinent in this case, as it was passed by the Parliament of the United Kingdom in 1882 and therefore not applicable to mortgage servicing in the United States.
>
> For reference, please find a copy of your Promissory Note, with your signature and repayment terms and obligations, attached.[5]

(Doc. 8 at 5; Doc. 9 at 5).

In his responses, Thomas disputes Servbank's assertion that he "is responsible to repay the principal balance and interest" on his home mortgage loan.  (Doc. 8 at 1; Doc. 9 at 1).  Thomas asserts:

> According to 12 USC 1431 the Banks are the borrowers and the Banks pays the interest.  The principal's balance is owed to the principal which the plaintiff is the owner of, and the defendant is withholding the principal's assets which is embezzlement.  The plaintiff asked the Defendant to transfer the principal's balance, which is credits, to the principal's account for set off and the Defendant refused which not only was an abandonment of fiduciary duties but also extortion by trying to make the plaintiff pay on a prepaid account to benefit extra money.  The Defendant is willingly and knowingly committing fraud.  Federal Reserve Act Section 16 part 2 states that the collateral security is fully

---

[5] A copy of the promissory note that was attached to Servbank's letter is also attached to Thomas' responses.  (Doc. 8 at 6-8; Doc. 9 at 6-8).

> guaranteed as to principal and interest and the
> plaintiff can't use the principal's assets and the
> defendant is stating the plaintiff must pay the interest
> which is false statements and fraud.

(Id.).   Thomas states that he "is seeking $15,000,000 to be deposited to the U.S. Treasury for breach of fiduciary duty in accordance with Federal Reserve Act section 29 plus $500,000 in damages and attorney fees." (Doc. 9 at 1-2). Servbank filed a reply to Thomas' responses. (Doc. 10). Servbank's motion to dismiss is therefore ripe for resolution.[6]

## II.   STANDARDS OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This necessarily requires that a plaintiff include factual

---

[6] After Servbank filed its reply, Thomas filed a third response in opposition to Servbank's motion to dismiss. (Doc. 11). Because it was not timely filed and was filed without the Court's permission, the undersigned will not consider Thomas's third response in addressing the instant motion to dismiss.

allegations that plausibly support each essential element of his claim. Randall v. Scott, 610 F.3d 701, 708 n.2 (11th Cir. 2010).

When evaluating a motion to dismiss under Rule 12(b)(6), a court "must accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Almanza v. United Airlines, Inc., 851 F.3d 1060, 1066 (11th Cir. 2017). That said, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011). A complaint does not need detailed factual allegations, but it "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555; see also Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1271 (11th Cir. 2004) ("[A] pleading [cannot] survive dismissal when it consist[s] of only the barest of conclusory allegations without notice of the factual grounds on which they purport to be based."). A court reviewing a motion to dismiss must typically limit its consideration to the complaint and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (per curiam).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam). However, "this leniency does not give a

court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." <u>Campbell v. Air Jamaica Ltd.</u>, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted). Even a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989).

### III. <u>DISCUSSION</u>

For the reasons stated below, the undersigned finds that Thomas' complaint is devoid of facts plausibly suggesting any entitlement to relief. The undersigned further concludes that Thomas' putative claims are frivolous because they are predicated on discredited legal theories that have been uniformly rejected by federal courts. Therefore, contrary to Servbank's suggestion (<u>see</u> Doc. 6-1 at 4-5), the undersigned submits that Thomas should not be granted leave to amend, and that this action should be dismissed with prejudice.[7]

---

[7] The Court notes as a preliminary matter that Thomas' complaint violates the Federal Rules' requirements that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and make allegations that are "simple, concise, and direct." <u>See</u> Fed. R. Civ. P. 8(a)(2) & 8(d)(1). The allegations in Thomas' complaint form (to the extent they exist at all) are neither plain nor direct. Thomas lists authorities or claims that he believes form the basis for federal question jurisdiction, but he fails to provide even a single direct factual allegation in support of any of his putative claims. Instead of providing a short and plain statement of his claims,

A.   **Authorities Cited as the Basis for Federal Question Jurisdiction.**

As noted *supra*, Thomas alleges that the "Federal Reserve Act Section 29, 15 USC 1605, Bill of exchange Act 1985[,] 15 USC 1615, 12 USC 1431, Federal Reserve Act section 16 part 1 and 2, [and] Cestui Que Vie Act" form the basis for federal question jurisdiction in this case. (Doc. 1 at 3). However, Thomas fails to allege any facts that plausibly support an inference that any of these authorities are applicable to his complaint or that Servbank is liable under any of these authorities.

As numerous courts have held when faced with similarly deficient complaints, Thomas fails to state a plausible claim under any of the authorities referenced in his complaint. Specifically, Thomas fails to state a claim because he does not allege any facts suggesting that any of the cited authorities apply or were violated by Servbank, and several of the authorities cited in the complaint provide him with no federal cause of action. See, e.g., White v. Lake Union Ga. Partners LLC, 2023 U.S. Dist. LEXIS 184024, at *3-

_____

Thomas merely refers to the purported affidavits attached to the complaint without explaining their relevance to his case. Neither this Court nor Servbank are required to scour Thomas' exhibits in an effort to decipher his legal theories or the factual grounds for his claims. Nevertheless, because the frivolous nature of Thomas' allegations is reasonably clear based on a review of his complaint and other filings, the Court will address Thomas' putative claims and the issues raised in Servbank's motion to dismiss without first requiring Thomas to replead in order to comply with Rule 8.

5, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("Section 16 of the Federal Reserve Act . . . was codified as Subchapter XII of Title 12, Chapter 3 of the United States Code; 12 U.S.C. § 411, *et seq.* Multiple courts across the country have held that this section does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction. . . . . Similarly, Section 29 of the Federal Reserve Act does not provide Mr. White with a cause of action. Section 29 of Federal Reserve Act was added by Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504. But that statute provides that '[a]ny penalty imposed under subsection (a), (b), or (c) shall be assessed and collected by (1) in the case of a national bank, by the Comptroller of the Currency; and (2) in the case of a State member bank, by the Board [of Governors of the Federal Reserve System].' 12 U.S.C. § 504(e). Courts have therefore rejected attempts by private individuals to bring claims under that statute."); Morton v. Am. Express, 2023 U.S. Dist. LEXIS 209318, at *6, 2023 WL 7923927, at *3 (D.S.C. Oct. 18, 2023) ("[I]t is well settled that Sections 16 and 29 of the Federal Reserve Act do not create a private cause of action and, consequently, do not provide a basis to invoke this Court's federal question jurisdiction."); Wilson v. Aqua Fin., 2023 U.S. Dist. LEXIS 207303, at *9, 2023 WL 7924150, at *4 (D.S.C. Oct. 26, 2023) (where plaintiff referenced "a string of other

11

miscellaneous authorities, . . . including . . . 12 U.S.C. § 1431, and 15 U.S.C. § 1605(a); . . . and two Acts of Parliament of the United Kingdom: 'Cestui que Vie Act 1666' and Bills of Exchange Act 1882[,]" finding that "[n]one of these [references] provide [Plaintiff] with a federal cause of action") (quotations omitted); Barnes v. Santander Consumer USA, Inc., 2023 U.S. Dist. LEXIS 47903, at *11-12, 14, 2023 WL 2585537, at *4-5 (N.D. Ohio Mar. 21, 2023) ("Plaintiff cites to several statutes that appear irrelevant to the facts alleged in this Complaint.  These include 15 U.S.C. § 1605 (definition of finance charges), . . . 12 U.S.C. § 1431 (defining the powers of banks), . . . and 18 U.S.C. § 8 (defining the United States obligations and securities).  She fails to allege any facts to suggest how these statutes might apply. . . . I conclude [that plaintiff's pleadings] fail to state a claim upon which relief may be granted."); Anderson v. Navy Fed. Credit Union, 2023 U.S. Dist. LEXIS 180090, at *4, 2023 WL 6481518, at *2 (W.D. Wash. Oct. 5, 2023) ("Anderson references generally inapplicable statutes forming the basis for federal question jurisdiction.  He references 15 U.S.C. § 1615, which addresses the use of 'Rule of 78's' in connection with mortgage refinancing, but he fails to allege any facts to support why this statute is applicable to his complaint. . . . He also references 12 U.S.C. § 1431, which defines the powers and duties of the Federal Home Loan Banks, without alleging facts relating to the statute or any applicable

provisions."); <u>Parker v. Reg'l Acceptance Corp.</u>, 2021 U.S. Dist.
LEXIS 172099, at *5-6, 2021 WL 4137527, at *3 (D.S.C. Sept. 10,
2021) ("Parker fails to allege any facts from which the court,
using even the most liberal construction, can discern how Regional
violated any disclosure obligations imposed by [15 U.S.C.] § 1605
or any other provision set forth in [the Truth in Lending Act].
Thus, the court concludes that Parker has failed to state a claim
under TILA."); <u>Clark v. Carvana</u>, 2021 U.S. Dist. LEXIS 115841, at
*9-10, 2021 WL 2478570, at *3 (N.D. Ga. Apr. 28, 2021) ("[A]s for
Clark's claim based on [15 U.S.C.] § 1605 that defendants took
cash in a consumer credit transaction in which a finance charge
was involved, . . . he does not elaborate on this claim or provide
any facts in support, and his allegation is therefore insufficient
to state a plausible claim for relief."); <u>Griffin v. Gen. Elec.</u>
<u>Credit Union</u>, 2023 U.S. Dist. LEXIS 163030, at *7, 2023 WL 5955735,
at *3 (S.D. Ohio Sept. 13, 2023) ("In what may be intended as a
reference to federal law, Plaintiff includes an allegation that
the credit union has refused 'to accept my performance per the
Bill of Exchange Act of transferring accepted credits to the
account of performance of full contract continuing to
keep/withhold my securities.' . . . But again, the allegations as
pled require this Court to speculate as to both what law is
referenced and what violation is alleged."), <u>report and</u>
<u>recommendation adopted</u>, 2023 U.S. Dist. LEXIS 207449, 2023 WL

8022825 (S.D. Ohio Nov. 20, 2023); Des Rochers v. Moynihan, 2016
U.S. Dist. LEXIS 196284, at *5-6, 2016 WL 11584833, at *2 (W.D.
Tex. May 16, 2016) (finding plaintiff's "attempt to enforce an
English law in an American court" to be "legally frivolous" where
plaintiff purported to bring suit pursuant to the "Bills of
Exchange Act of 1882"). Thomas' allegations, to the extent they
exist at all, are plainly insufficient to state a claim under any
of the statutes or other authorities referenced in his complaint.

   **B.   Breach of Contract Claim.**

   Thomas also asserts "Breach of Contract" as a basis for
federal question jurisdiction. (Doc. 1 at 3). To the extent
Thomas is attempting to assert a claim for breach of contract,
that claim is presumed to arise under state law, not federal law.
"The elements of a breach-of-contract claim under Alabama law are
(1) a valid contract binding the parties; (2) the plaintiffs'
performance under the contract; (3) the defendant's
nonperformance; and (4) resulting damages." Tangen v. Ideacom of
the Gulf Coast, Inc., 590 F. App'x 836, 838 (11th Cir. 2014) (per
curiam) (quoting Shaffer v. Regions Fin. Corp., 29 So. 3d 872, 880
(Ala. 2009)).

   Thomas does not plead facts plausibly suggesting that each of
the above-listed elements are met. Thomas has not identified or
provided any contract governing the relationship between the
parties, nor has he identified any specific contractual provision

14

that he believes has been breached.  To the extent Thomas suggests that handwriting financial buzzwords on a payoff statement and repeatedly sending "instructions" to "transfer the principal's balance to the principal's account# for set off" amounted to legitimate performance under a contract, Thomas' assertion is highly implausible.  Also highly implausible is Thomas' suggestion that Servbank's failure to comply with his demands amounted to nonperformance under a contract between the parties.  See Bryant v. Washington Mut. Bank, 524 F. Supp. 2d 753, 758-60 (W.D. Va. 2007) (finding plaintiff's "claim that tendering the Bill of Exchange amounted to legitimate performance of the contract . . . highly implausible" when "the legal authorities [plaintiff] cites and the facts she alleges suggest that she did not tender payment, but rather a worthless piece of paper"), aff'd, 282 F. App'x 260 (4th Cir. 2008) (per curiam); McGee v. Nissan Motor Acceptance Corp., 619 F. App'x 555, 555-56 (7th Cir. 2015) (finding plaintiff's assertion that his loan obligations were discharged by lender's refusal to honor a "bill of exchange" that plaintiff said made the United States Treasury responsible for his debt to be frivolous); Harp v. Police & Fire Fed. Credit Union, 2023 U.S. Dist. LEXIS 139418, at *8-9, 2023 WL 5152625, at *3 (E.D. Pa. Aug. 10, 2023) (dismissing with prejudice breach of contract claim where it was clear from the complaint's exhibits that plaintiff's "bill of exchange" was not valid legal tender for payment of credit card

debt, and "rather than a legally enforceable document noting an existing debt that [defendant] owed to her, [plaintiff] simply handwrote an array of financial buzzwords on her credit card statement and tried to pass this off to [defendant] as valid legal tender for *her* credit card debt") (emphasis in original).

As set forth in more detail below, Thomas' putative claims, although obscurely pled and confusingly explained, are clearly predicated on sovereign citizen and/or redemptionist legal theories that courts have roundly rejected as frivolous. <u>See, e.g.</u>, <u>Hennis v. Trustmark Bank</u>, 2010 U.S. Dist. LEXIS 45759, at *16, 2010 WL 1904860, at *5 (S.D. Miss. May 10, 2010) (collecting cases and noting that "[f]rom coast to coast, claims that debts have been paid under the redemption theory by the plaintiffs' issuance of 'bills of exchange' have been dismissed as frivolous"). Accordingly, Thomas' complaint fails to allege sufficient facts to state a claim for breach of contract that is plausible on its face.

## C. Dismissal With Prejudice Is Appropriate.

"[R]ecognizing that courts in the Eleventh Circuit generally allow pro se plaintiffs an opportunity to amend their complaints before dismissing with prejudice," Servbank "suggests" that Thomas be given an opportunity to amend his complaint. (Doc. 6-1 at 4-5). Indeed, leave to amend a deficient complaint should be freely given when justice so requires; however, leave may be denied if an amendment would be futile. Fed. R. Civ. P. 15(a)(2); <u>Bryant v.</u>

Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001) (per curiam).  Here, the undersigned concludes that the most glaring defects in Thomas' complaint are substantive, such that any further amendments would be futile.  More specifically, as discussed below, Thomas' claims bear hallmarks of the "sovereign citizen" movement and are plainly founded on legal theories that have been uniformly rejected as a frivolous waste of court resources.

Although Thomas does not expressly identify himself as a sovereign citizen or explicitly reference the redemptionist legal theories upon which his instant complaint (and his numerous other pending actions in this Court)[8] are based, it is evident from Thomas' allegations, exhibits, and explanations that his claims are rooted in sovereign citizen ideology.

As the Third Circuit has explained:

[T]he "Redemptionist" theory . . . propounds that a person has a split personality: a real person and a fictional person called the "strawman."  The "strawman" purportedly came into being when the United States went off the gold standard in 1933, and, instead, pledged the strawman of its citizens as collateral for the country's national debt.  Redemptionists claim that government has power only over the strawman and not over the live person, who remains free.

---

[8] See Thomas v. Wells Fargo Bank, No. 1:23-cv-00206-TFM-B (S.D. Ala. 2023); Thomas v. All In Credit Union, No. 1:23-cv-00215-TFM-B (S.D. Ala. 2023); Thomas v. Capital One, 1:23-cv-00216-TFM-B (S.D. Ala. 2023); Thomas v. Family Security Credit Union, No. 1:23-cv-00222-TFM-B (S.D. Ala. 2023); Thomas v. BMO Harris Bank, No. 1:23-cv-00224-TFM-B (S.D. Ala. 2023); Thomas v. Progressive, No. 1:23-cv-00225-TFM-B (S.D. Ala. 2023).

Monroe v. Beard, 536 F.3d 198, 203 n.4 (3d Cir. 2008).

> In addition,
>
> The Redemptionists claim that by a birth certificate, the government created "strawmen" out of its citizens. A person's name spelled in "English," that is with initial capital letters and small letters, represents the "real person," that is, the flesh and blood person. Whenever a person's name is written in total capitals, however, as it is on a birth certificate, the Redemptionists believe that only the "strawman" is referenced, and the flesh and blood person is not involved.

McLaughlin v. CitiMortgage, Inc., 726 F. Supp. 2d 201, 210 (D. Conn. 2010) (quotation omitted); see also Bryant, 524 F. Supp. 2d at 758 n.8 ("[T]he name of the fictitious entity is the real person's name in all-capital letters, which apparently explains why names are commonly written in all-capital letters on birth certificates, driver's licenses, and other government documents.").

> Another tenet of the Redemptionist theory is that when the United States Government "pledged the strawman of its citizens as collateral for the country's national debt," it created an "exemption account" for each citizen, identified by each person's Social Security number. When citizens contract for debt, the theory goes, their debts are collateralized by their respective exemption accounts, essentially making the U.S. Government ultimately responsible for satisfaction of their debts. Moreover, each citizen's exemption account is virtually bottomless, meaning that those who understand this theory—and who file the appropriate UCC financing statements, and thereby become a free sovereign, a process known as "redemption," never have to actually pay for anything.

McLaughlin, 726 F. Supp. 2d at 210 (internal citations omitted).

"The 'vapor money' and 'unlawful money' theories appear to be tenets or corollaries to the above-described 'Redemptionist' theory." Id. at 212.

> The genesis of the vapor money theory is that the decision by the United States in 1933 to discard the gold standard resulted in the federal government's bankruptcy, after which lenders have been creating unenforceable debts because they are lending credit rather than legal tender. Accordingly, under the vapor money theory, a loan imposes no repayment obligation if the indebtedness was funded with credit as opposed to hard currency. The essence of the vapor money theory is that the promissory notes (and similar instruments) are the equivalent of money that citizens literally create with their signatures.

Brown v. Selene Fin. LP, 2023 U.S. Dist. LEXIS 63323, at *12, 2023 WL 3335060, at *4 (N.D. Ga. Apr. 10, 2023) (internal citations and quotation marks omitted), report and recommendation adopted, 2023 U.S. Dist. LEXIS 136791, 2023 WL 4996552 (N.D. Ga. June 1, 2023); see also Tonea v. Bank of Am., N.A., 6 F. Supp. 3d 1331, 1344 (N.D. Ga. 2014) (explaining that a claim based on the "vapor money" theory typically relies upon "the convoluted and nonsensical argument that a plaintiff does not owe the money advanced by the lender on his loan because the indebtedness was not funded by the lender with actual money").

"Under the 'unlawful money' theory, which is slightly different, the issuance of 'credit' is said to violate Article I, Section 10 of the United States Constitution, which purportedly 'requires a state to accept and recognize only gold and silver

coin as legal tender.'" Buckley v. Bayrock Mortg. Corp., 2010 WL
476673, at *8 (N.D. Ga. Feb. 5, 2010) (citation omitted). "As
allegedly established by the 'unlawful money' theory, issuing
credit violates the Constitution's prohibition against 'mak[ing]
any Thing but gold and silver Coin a Tender in Payment of Debts.'"
McLaughlin, 726 F. Supp. 2d at 212. "This 'fact' . . . means that
the bank-lender gave essentially no consideration, and risked
nothing, in making the purported loan, rendering the transaction
void (or at least voidable) under general principles of contract
law." Id. at 213. "The second alleged benefit of this theory is
that when borrowing from a bank, the citizen-borrower actually
*comes out ahead* in the transaction—after all, she is the only one
who gave anything of value, and it would constitute unjust
enrichment for the bank to 'keep' the value of what the citizen-
borrower gave it." Id.

Thomas' complaint and other filings (through which he is
trying to extinguish his mortgage debt using a convoluted and
nonsensical legal theory) bear several hallmarks of the sovereign
citizen movement and the redemptionist legal theories outlined
above. For example, Thomas lists the "Cestui Que Vie Act" as a
basis for federal question jurisdiction. See Anderson, 2023 U.S.
Dist. LEXIS 180090, at *7, 2023 WL 6481518, at *3 ("Although
Anderson does not expressly state he is a 'sovereign citizen,' his
allegations, explanations, and exhibits are all demonstrative of

his claims being rooted in sovereign citizen ideology. Specifically, Anderson cites the Cestui Que Vie Act of 1666 as basis for federal question jurisdiction and includes a document entitled 'DURABLE POWER OF ATTORNEY[,]' both of which are tied to theories associated with the sovereign citizen movement.") (internal citation omitted); Wood v. United States, 161 Fed. Cl. 30, 34 (Fed. Cl. 2022) ("Sovereign citizens also sometimes reference the Cestui Que Vie Act of 1666, or a 'cestui que vie' trust, as support for their arguments in court.").

Further, Thomas's exhibits repeatedly purport to distinguish "Michael Thomas" (agent) and "MICHAEL THOMAS" (principal) as separate entities, "a distinction common to sovereign citizen claims." Lebron v. BMW Fin. Servs., 2021 U.S. Dist. LEXIS 262002, at *7, 2021 WL 9594003, at *3 (M.D. Fla. Dec. 13, 2021); see United States v. Beeman, 2011 U.S. Dist. LEXIS 70892, at *30, 2011 WL 2601959, at *11 (W.D. Pa. June 30, 2011) (noting that the distinction between "EBERT GORDON BEEMAN" and "Ebert Gordon Beeman" on a UCC filing "appears to be purposeful and, together with the reference to 'HJR 192,' appears to invoke a contrived and convoluted tax-defier theory known as 'redemption'"); Wood, 161 Fed. Cl. at 34-35 ("[S]overeign citizen plaintiffs often make a distinction between their names written in all capital letters and the same names written with just the initial letters capitalized. Sovereign citizens typically believe that when they use the proper

capitalization of their names, they can redeem the funds held by the United States in 'secret, individual trust accounts, one for each citizen.'") (internal citation omitted); <u>Bryant</u>, 524 F. Supp. 2d at 758 n.8.

More broadly, the legal authorities Thomas cites and the documents he attaches to his complaint reflect that, like so many other borrowers who have attempted to discharge their debts under a redemption theory by unilaterally issuing "bills of exchange" or similar documents, he did not tender valid payment for his mortgage debt "but rather a worthless piece of paper" when he "simply handwrote an array of financial buzzwords" on his mortgage payoff statement "and tried to pass this off" to Servbank as valid legal tender for his mortgage debt.  See <u>Bryant</u>, 524 F. Supp. 2d at 760; <u>Harp</u>, 2023 U.S. Dist. LEXIS 139418, at *8-9, 2023 WL 5152625, at *3.

Like the redemptionist theory itself, Thomas' legal arguments are convoluted.  (<u>See</u> Docs. 8, 9).  Nevertheless, it is readily apparent despite the nonsensical nature of Thomas' assertions that the putative claims in his complaint are predicated on a variation of the redemptionist legal theory, which is fundamentally frivolous.  Consequently, any amendments to Thomas' complaint would be futile and non-curative; thus, this action should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## IV.   <u>CONCLUSION</u>

For the reasons set forth above, the undersigned recommends that Servbank's motion to dismiss Thomas' complaint (Doc. 6) be **GRANTED in part**,[9] and that this action be **DISMISSED with prejudice.**

### <u>NOTICE OF RIGHT TO FILE OBJECTIONS</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  <u>See</u> 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

---

[9] The undersigned recommends that the Court deny Servbank's motion to dismiss to the extent it requests that Thomas be granted leave to amend his complaint.  (<u>See</u> Doc. 6-1 at 4-5).

In order to be specific, an objection must identify the specific place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **7th** day of **December, 2023.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**